UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TANYA LEWIS,

    Plaintiff,

vs.                          CASE NO.:

METROPOLITAN LIFE
INSURANCE COMPANY,

    Defendant.

_____/

## COMPLAINT

COMES NOW the Plaintiff, TANYA LEWIS, ("Ms. Lewis"), by and through the undersigned attorney, and sues the Defendant, METROPOLITAN LIFE INSURANCE COMPANY ("MetLife") and alleges as follows:

## GENERAL ALLEGATIONS

1. This is an action for relief under the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§1001, et seq.

2. This Court has jurisdiction pursuant to 29 U.S.C. §1132(e).

3. This Court has venue pursuant to 29 U.S.C. §1132(e). In particular, in ERISA actions, venue is proper where the performance of the Plan terms was to take place. Benefits here were to be paid at Lewis's home address in Palm Harbor,

Florida. See Exhibit "A" attached hereto (redacted to protect personal, private and/or confidential information).

4. Vallee Lewis ("Decedent") was a participant in each of the plans, funds, programs or arrangements described herein.

5. At the time of his death, Decedent was an employee of Dell Inc. and/or one of its affiliates and/or subsidiaries ("Dell" or "Employer") and as such he was insured through a group life insurance policy issued to Dell by MetLife.

6. The Employer is the Plan Sponsor and Plan Administrator of the employee welfare benefit plan providing group life insurance benefits.

7. The "Plan" is a welfare benefit plan established under ERISA to provide group life insurance benefits to those participants who satisfy the terms and conditions of the Plan to receive such benefits.

8. A copy of what purports to be a document describing benefits payable under the Plan is attached hereto as Exhibit "B".

9. Decedent was initially employed by EMC Corporation ("EMC"). Upon information and belief, Dell purchased EMC on or about September 7, 2016.

10. Upon information and belief, prior to January 1, 2018, there apparently remained separate life insurance plans for previous EMC employees ("Prior Life Plan") and for those employees employed by Dell. Upon information

and belief, on January 1, 2018, the plans were "harmonized" and all employees became covered under the same Plan, the Plan at issue here.  See email dated January 16, 2020 regarding this issue attached hereto as Exhibit "C" (redacted to protect personal, private and/or confidential information).

11. The Plan at issue in this litigation as well as the Prior Life Plan provided for the payment of both Basic Life Insurance and Supplemental Life Insurance.

12. Attached hereto as Exhibit "D" is a copy of Decedent's benefits enrollment as of August 29, 2017 (redacted to protect personal, private and/or confidential information).  At that time, he was enrolled in $537,000 Basic Life Insurance benefits and $358,000 in Supplemental Life Insurance Benefits.  His total life insurance benefits at that time was $895,000.  His salary at the time was approximately $179,000 and his insurance amount was based on multiples of his salary.  In particular, he was enrolled for 3 times his salary for Basic Life Insurance and 2 times his salary for Supplemental Life Insurance benefits.

13. Upon information and belief, Decedent's salary was decreased to approximately $143,000 shortly before January 1, 2018.  Shortly before the Plans harmonized, January 1, 2018, Decedent re-enrolled for life insurance under the new Plan.  His Basic Life Insurance coverage was $286,000.  His Supplemental

Life Insurance coverage was $429,000 for a total of $715,000.  Attached hereto as Exhibit "E" is a copy of the enrollment effective January 1, 2018 for the Decedent (redacted to protect personal, private and/or confidential information).

14.     As of January 1, 2018, the new Plan only provided Basic Life Insurance in the amount of 2 times the salary.  Accordingly, Decedent's Supplemental Life Insurance was increased to 3 times salary.  Decedent continued to be enrolled in life insurance coverage paying 5 times his salary.

15.     Decedent died on November 14, 2019.  The State of Florida Certification of Death lists the manner of death as suicide.

16.     As of the date of Decedent's death, he had Basic Life Insurance coverage in the amount of $320,000 and Supplemental Life Insurance coverage in the amount of $480,000.  His salary at the time was approximately $160,000.  He continued to have life insurance coverage in the amount of 5 times his salary.  Attached hereto as Exhibit "F" is the January 1, 2019 enrollment (redacted to protect personal, private and/or confidential information).

17.     MetLife paid the Base Life Insurance, $320,000 and a portion of the Supplemental Life Insurance coverage.  In particular, it paid 2 times his salary in Supplemental Life Insurance coverage ($320,000).  MetLife has not paid the remaining $160,000 in Supplemental Life Insurance coverage.

18. The Plan, at page 42, provides in part as follows:

**SPECIAL RULES FOR GROUPS PREVIOUSLY COVERED UNDER OTHER GROUP LIFE INSURANCE**

The following rules will apply if the Life Insurance under this Group Policy replaces other group Life insurance provided to You by the Policyholder.

**Prior Plan** means the group life insurance underwritten by another insurer and provided to You by the Policyholder on the day before the Replacement Date.

**Replacement Date** means the effective date of the Life Insurance under this Group Policy.

**Rules if You and Your Dependents were Covered Under the Prior Plan on the Day Before the Replacement Date:**

1. **Actively at Work on the Replacement Date** – if You and Your Dependent(s) were covered under the Prior Plan on the day before the Replacement Date and You are Actively at Work in an eligible class on the Replacement Date, You will be insured under this Group Policy for an amount of Life Insurance referred to as Active Employee Coverage. The amount of the Active Employee Coverage on the Replacement Date will be the amount of Life Insurance described in the SCHEDULE OF BENEFITS.

19. The Decedent was covered under the Prior Plan on the day before the Replacement Date (January 1, 2018) and Decedent was actively at work on the

5

Replacement Date. Therefore, he was entitled to Active Employee Coverage amount described in the Schedule of Benefits.

20. As set forth in Exhibit "D," Decedent had life insurance coverage in the amount of 5 times his salary (totaling $895,000) on or after August 29, 2017 and continuing until January 1, 2018.

21. Also, the Plan at 63 provides in part that:

**For Supplemental Life**

**If You commit suicide** within 2 years from the date Life Insurance for You takes effect, We will not pay such insurance and Our liability will be limited as follows:

- Any premium paid by You will be returned to the Beneficiary; and
- Any premium paid by the Policyholder will be returned to the Policyholder.

**If You commit suicide** within 2 years from the date an increase in Your Life Insurance takes effect, We will pay to the Beneficiary the amount of Insurance in effect on the day before the increase. Any premium You paid for the increase will be returned to the Beneficiary. Any premium paid by the Policyholder for the increase will be returned to the Policyholder.

22. MetLife has taken the position that since Decedent increased his Supplemental Life Insurance coverage from 2 times his salary to 3 times his salary to maintain coverage in the amount of 5 times his salary on January 1, 2018, that he is not entitled to the additional multiple of his salary.

6

23. There was no increase in his Life Insurance as of January 1, 2018. He continued to have Life Insurance coverage in the amount of 5 times his salary.

24. Moreover, pursuant to the terms of the Plan, if there was an increase, MetLife is obligated to pay the "Beneficiary the amount of Insurance in effect on the day before the increase." In this case, the day before the increase he had insurance totaling $895,000.

25. MetLife is the claims administrator, it makes the "full and fair" final review of claims and it insures the payment of benefits under the Plan.

26. MetLife denied Lewis's claim in part as set forth herein finding that she was not entitled to additional benefits described above under the terms of the Plan. MetLife's last denial letter is dated June 24, 2020.

27. With respect to the claims made herein, Lewis has exhausted her administrative remedies and/or exhaustion has been excused or is waived.

## COUNT I
### (Action for Plan Benefits 29 U.S.C. §1132(a)(1)(B))

Lewis incorporates the allegations contained in paragraphs 1 through 27 above, and further states:

28. The Plan provided for the payment of life insurance benefits in the event of Decedent's death. The Plan also provided for additional benefits in the

event of Decedent's death. The other benefits are described with particularity in the applicable plan documents for those plans.

29. Decedent died while a covered participant in the Plan. Lewis was the named beneficiary.

30. Lewis made a claim for Plan benefits. Said claim for benefits was denied in part.

31. Lewis is entitled to additional Plan benefits.

32. MetLife has failed and refused to pay Lewis sums due pursuant to the terms of the Plan, breaching the terms of said Plan.

33. Because of the failure to pay benefits pursuant to the terms of the Plan, Lewis has been forced to retain the undersigned attorneys and is obligated to pay them a reasonable attorney's fee. Lewis is entitled to recover attorney's fees as authorized by 29 U.S.C. §1132(g).

WHEREFORE, plaintiff, Lewis, prays for relief from defendant, MetLife, for the payment of additional life insurance benefits, interest, any other benefits due and payable as a result of Decedent's death plus attorney's fees and costs and any other such further relief as the Court deems proper.

Date: February 4, 2021

                                                 */s/Gregory D. Swartwood*
                                                 Gregory D. Swartwood, Esquire
                                                 Florida Bar No. 858625

                The Nation Law Firm, LLP
                570 Crown Oak Centre Drive
                Longwood, FL  32750
                Telephone:  (407) 339-1104
                Facsimile:  (407) 339-1118
                E-Mail:  gswartwood@nationlaw.com
                Attorneys for Plaintiff